## INJURY TO EMPLOYE FROM EXPOSED COG WHEELS.

Circuit Court of Hamilton County.

LAIDLAW-DUNN-GORDON COMPANY v. GEORGE J. MILLER.

Decided, July 10, 1909.

*Negligence—Doctrine of Assumed Risk without Application—Where there has been a Failure to Afford Protection Against Injury by Machinery—Unsafe Place to Work by Reason of Slippery Condition of Floor—Charge of Court—Evidence—Section 4364-89c.*

1. The doctrine of assumed risk has no application where the risk which it is alleged was assumed arose out of a violation of the statutory obligation of the master to protect his employes against injury by machinery and appliances.
2. It is not error to exclude the opinion of an expert witness as to whether certain cog-wheels were "exposed," where the jury viewed the premises and had before them the evidence with reference to said gearing.
3. A charge of negligence in permitting oil and grease to accumulate on the floor where plaintiff was obliged to stand while at work, is eliminated from the case by a finding by the jury that the accident was due to exposed gearing; and the judgment will not be reversed because of refusal to give special charges relating to either assumption of risk or the slippery condition of the floor.

*Robertson & Buchwalter,* for plaintiff in error.
*Stricker & Johnson,* contra.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

The acts of negligence complained of in the amended petition are:

1st. "That the defendant carelessly and negligently failed to enclose said cog-wheels in a casing, box, or in any other manner to properly guard or protect him against danger while engaged in the operation of said lathe."

2d. "That the defendant further negligently and carelessly caused and permitted oil and grease to accumulate upon the floor on which the plaintiff was obliged to stand to operate said lathe, thereby causing the floor to become slippery, unsafe and likely to cause the plaintiff to fall while operating said lathe."

It will be seen from the above that this action is brought under Section 4364-89c, Revised Statutes, relating to protection against injury by machinery.

The jury in addition to its general verdict in favor of defendant in error, also in answer to an interrogatory propounded by plaintiff in error, found that the approximate cause of the injury was, "in that the defendant knowingly allowed the cogwheels to be exposed in a manner that was dangerous to the man operating the machine."

From the evidence in the record and the finding of the jury, we are satisfied that plaintiff in error was negligent in respect to a duty imposed upon it by this statute. This law has heretofore been before the courts and construed. *Ziehr* v. *Maumee Paper Co.*, 7 C. C.—N. S., 144; *Bresewski* v. *Royal Brush & Broom Co.*, 8 C. C.—N. S., 457; *Republic Iron & Steel Co.* v. *Yanuszka*, 166 Fed. R., 684.

Under the statute and these decisions the doctrine of assumed risk has no application where the alleged risk assumed is in violation of a master's statutory obligation to protect machinery and appliances.

We do not think there was error in the trial court refusing to admit the testimony of the witness Muller as to his judgment as an expert as to whether gearing on the lathe in question was an exposed gearing or whether the cog-wheels were exposed or not. This was the issue of fact which the jury were called upon to determine. They had viewed the premises and had the evidence, and the judgment or opinion of a witness in this regard could not have availed them anything.

"A question to a witness which calls for his opinion on the precise issue which the jury is sworn to determine from the evidence is incompetent." *Fowler* v. *Delaplain*, 79 O. S., 279.

We find no error in the court refusing the special charges asked by plaintiff in error. Some contain the question of assumption of risk on the part of the plaintiff by reason of the exposed cogwheels, while others relate to the oily condition of the floor.

In the view we take of the case, the assumption of risk on the part of the defendant in error not being in the case, and the

jury having specifically found in answer to the interrogatory propounded that the accident was due to the cog-wheels being exposed, the second act of negligence complained of is also out of the case.

We do not think the verdict [$3,000] is excessive. The statute provides "That for injury not resulting in death, plaintiff may recover a sum not exceeding $3,000 as the jury may find proportioned to the pecuniary damages resulting from the injury."

This, therefore, being strictly within the province of the jury to determine from all the evidence, such finding will not be disturbed. There being no errors in the record the judgment will be affirmed.